BRENNAN v. PETER HAGAN & CO.

(District Court, E. D. Pennsylvania. September 12, 1906.)

No. 12.

1. ADMIRALTY—AMENDMENT OF ANSWER.

Amendment of an answer in admiralty will not be allowed after the evidence has been taken, to permit the setting up of a new defense, where the facts must have been known to respondent when the original answer was filed.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Admiralty, §§ 530, 531.]

2. SHIPPING—MASTER OF BARGE—SUIT FOR WAGES—NEGLECT OF DUTY.

Evidence considered and held to sustain the claim of a libelant for wages as master of a barge, and to entitle him to recover the same, less a reduction on account of damages sustained by the owner on one occasion because of his neglect of duty.

In Admiralty. Suit for wages.

J. Warren Coulston and Adolph Schewe, for libelant.

John A. Toomey, for respondent.

J. B. McPHERSON, District Judge. The libelant was the master of the respondent's barge H. J. McDermott from March 30, 1904, to March 30, 1905. He claims to recover in this suit wages at the rate of $75 per month, and $129.37, money advanced by him for loading the barge and for supplies, a total of $1,029.37, from which he admits that a deduction of $776.21 is to be made, leaving a net balance of $253.16. The libel was filed on April 27, 1905, and on May 16th the following defense was made by the answer:

"First. That in the month of March, 1904, libelant was employed by respondents as master of the barge H. J. McDermott for which he was to receive $75 per month, with the understanding and agreement that libelant was to employ a hand, which was necessary in order to assist him in managing and navigating said barge, and that libelant was to pay and feed said hand out of the said sum of $75 per month.

Second. It is not true, as alleged in the second paragraph of said libel, that respondents are indebted to libelant in the sum of $253.16, or in any other sum of money, as will hereafter appear.

Third. It is not true as alleged in the third paragraph of said libel that: Libelant well and truly performed his duties as said master and is entitled to receive from respondents the balance of his alleged wages and advances made by him. On the contrary the libelant failed and neglected to employ a hand on said barge during six months of the time for which wages are claimed, and also was intoxicated and abandoned the barge for days at a time. That in the month of January, 1905, the libelant, after bringing the barge into the port of Baltimore in a sunken and damaged condition, abandoned her for five days, in consequence of which respondents were obliged to send a man from Philadelphia to attend to the barge and look after her affairs at a cost of about $50. That on another trip the said barge was damaged and injured while libelant was on board without a hand to assist him. That libelant failed to employ and feed a hand on the barge as aforesaid, in order that he might appropriate to himself the whole of the said sum of $75 which he had no right to do. That the customary pay of the master of a barge such as the H. J. McDermott is $40 per month, out of which he must supply his own provisions. That the sum of $40 per month was ample pay for the services of libelant, had he even properly performed his duties as master of the barge. That after deducting the said sum of about $50 for sending a man to Baltimore as aforesaid, and also deducting $35 per month for six months, $210, while libelant was without a hand on the barge, making $260 in all, respondents are not indebted to libelant in any sum whatever."

On January 26, 1906, the respondents gave notice that they would ask leave to amend the answer so as to set up a contract for wages at $70 per month, instead of $75, and also to set up an additional defense growing out of a general average loss, sustained by them, said to be due to the negligence of the libelant. No application to amend, however, was made until the case came on for argument, and the allowance of the amendment at that time was resisted as being too late. I think the objection is sound, and that leave to amend must be refused. At the time when the answer was filed, the respondents must have had knowledge of the facts relied upon in the proposed amendment—although the amount of the average loss

was not adjusted until July—and should have made their complete defense at an earlier stage of the cause.

Confining the issue, therefore, to the libel and answer I find the important facts to be these:

1. The rate of wages to be paid the libelant was $75 per month. Out of this sum he was to furnish the food, and pay the wages of another man. He carried out this agreement, except during the last two or three months, when the respondents consented that the additional hand should be dispensed with.

2. There is no satisfactory testimony that the libelant neglected his duties by reason of intoxication, except in January, 1905, after the barge reached Baltimore in a damaged and sinking condition. It is clear from his own evasive testimony, and from the testimony of William Hagan, that he was drunk upon that occasion for several days, and undoubtedly his condition required the respondents to send a man to Baltimore to look after the barge, and have her raised and repaired.

3. The injury to the barge just referred to was caused by ice in the Chesapeake Bay, and not to the libelant's failure to take proper care of the vessel. The voyage began at West Point, Va., and before leaving that port he fastened sheathing on the bow and on both sides of the barge forward; but the ice was so heavy that the sheathing was torn off and so much injury was done that it became necessary to put into Baltimore instead of proceeding to Wilmington, Del., the port of destination. The respondents deny that the vessel was sheathed, but they failed to offer satisfactory testimony on this point; and especially they failed to call any person who was on the tug that towed the barge from West Point, and would therefore have been able to offer evidence at first hand on this subject. The respondents' servant who was sent to Baltimore merely testified that, so far as he could observe, the barge showed no sign of having been sheathed, but I do not think this ought to avail against the libelant's positive averment to the contrary, taken in connection with the fact that the respondent called no one from the tug.

4. The averment "that on another trip the said barge was damaged and injured while libelant was on board without a hand to assist him," was not supported by any competent testimony.

No other defense is set up by the answer, and none will be considered. Other disputes may be gathered from the testimony of both parties—much of it is pure hearsay, and much is so vague as not to be worth noticing—but I see no reason for going out of my way to discuss controversies that are not properly raised by the record. I conclude, therefore, that the libelant is entitled to the amount claimed—no item of which has been specifically objected to, except the rate of his monthly wage—less a reasonable allowance for the expense to which his intoxication and neglect of duty in Baltimore compelled the respondents to submit. On this account I

think $40 should be allowed, thus reducing the libelant's claim to $213.16.

For this sum, with interest from March 30, 1905, a decree may be entered with costs.